F I L E D
Clerk
District Court

JUL 10 2026

for the Northern Mariana Islands
By_____
(Deputy Clerk)

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS**

CHANGFU CHI,

        Petitioner,

    v.

SERGIO ALBARRAN, Acting Field Office Director of the San Francisco Field Office of Immigration and Customs Enforcement (ICE);
DAVID VENTURELLA, ICE's Acting Director;
MARKWAYNE MULLIN, Secretary of Homeland Security;
TODD BLANCHE, Acting Attorney General; and
ANTHONY TORRES, Commissioner of the Commonwealth of the Northern Mariana Islands Department of Corrections;
in their official capacities,

        Respondents.

Case No. 1:26-cv-00014

**ORDER STAYING PROCEEDINGS**

Before the Court is Petitioner Changfu Chi's Petition for Writ of Habeas Corpus (ECF No. 1), filed on July 8, 2026, in which he names the Acting Field Office Director of the San Francisco Field Office of Immigration and Customs Enforcement (ICE), ICE's Acting Director, the Secretary of Homeland Security, the Acting Attorney General, and the Commissioner of the Commonwealth of the Northern Mariana Islands (CNMI) Department of Corrections (DOC) as respondents. In his Petition, Petitioner alleges that he is a national of the People's Republic of

1

China who overstayed his parole as an advance parolee, was detained by ICE on June 29, 2026, and has remained in custody at the CNMI-DOC pending completion of his immigration removal proceedings. (Pet. ¶¶ 1, 9-22, ECF No. 1.) Petitioner further alleges that on July 5, 2026, ICE served him with a notice to appear for a master calendar hearing set for July 15, 2026, but at the time of filing of his Petition the master calendar hearing date had not yet been confirmed on the Executive Office for Immigration Review's case portal. (*Id.* ¶¶ 23-24.) Petitioner highlights that no order of removal has been issued against him. (*Id.* ¶ 25.)

Petitioner contends that (1) he is not subject to mandatory detention (*id.* ¶¶ 26-34); (2) since being detained, he has not been provided a "meaningful bond hearing at which an immigration judge will not deny bond on the ground that Petitioner is subject to mandatory detention" (*id.* ¶¶ 3, 43); and (3) under *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), a precedential decision of the Board of Immigration Appeals that is binding on immigration judges, even if Petitioner was to request a bond hearing, his request would be "ultimately summarily denied" (*id.* ¶ 44), as suggested by immigration judges in other cases involving aliens similarly situated to Petitioner summarily denying applications for bond for lack of jurisdiction under *Yajure Hurtado* (*id.* ¶¶ 36-42). Petitioner accordingly contends that he "is not required to exhaust administrative remedies because doing so would be futile, the issue involved is a purely legal issue, and the BIA has already made clear what its position on that issue is" (*id.* ¶ 52), and seeks habeas relief that, *inter alia*, declares that Respondents' detention of Petitioner is unlawful and orders Respondents to "either release Petitioner, or promptly afford an individualized bond hearing before a neutral immigration judge in which the government bears the burden of establishing by clear and convincing evidence that Petitioner is a danger to the community or a flight risk if released" (*id.* at 7 (prayer for relief)).

//

The Court will stay the proceedings in this matter pending the calendaring of a bond hearing or a refusal to hold a bond hearing in Petitioner's immigration proceedings. "A court . . . entertaining an application for writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the . . . person detained is not entitled thereto." 28 U.S.C. § 2243. The Ninth Circuit requires, "as a prudential matter," that petitioners for habeas relief must exhaust available administrative remedies before a court may entertain a petition for habeas relief. *Laing v. Ashcroft*, 370 F.3d 994, 997 (9th Cir. 2004) (quoting *Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001)); *Arango Marquez v. INS*, 346 F.3d 892, 897 (9th Cir. 2003). Petitioner's allegations indicate that he was detained on June 29, was served with a notice to appear on July 5, with a hearing date of July 15, and has yet to appear before an immigration judge. Petitioner may ultimately be correct about the effect of *Yajure Hurtado* on the immigration judge's treatment of Petitioner's arguments and ultimate decision on bond. But in view of the apparent lack of an attempt to even request a bond hearing in the first place, the imminent opportunity for doing so, this Court's recent orders granting writs of habeas corpus and directing Respondents to hold bond hearings for aliens detained in circumstances that may be similar to Petitioner, *see, e.g.*, *Li v. Albarran*, No. 1:26-cv-00011, ECF No. 17, 2026 WL 1697872 (D. N. Mar. I. June 12, 2026), and the split of judicial authority on whether the policy ratified by *Yajure Hurtado* is in accord with the governing statutes,[1] including one decision within the Ninth Circuit outright abrogating *Yajure*

---

[1] *Compare, e.g.*, *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026) (affirming grants of writs of habeas corpus as legal authority for detention of aliens without lawful status who were arrested within the United States was under permissive detention provision of 8 U.S.C. § 1226(a), and not mandatory detention provision of 8 U.S.C. § 1225(b)(2)(A), and detention without bond violated alien petitioners' due process rights); *Barco Mercado v. Francis*, 811 F. Supp. 3d 487, 494 & nn. 22-23 (S.D.N.Y. 2025) (noting 362 cases challenging mandatory detention of all noncitizens pending completion of removal procedures, with

*Hurtado, see Bautista v. Santacruz*, 813 F. Supp. 3d 1084, 1102-06 (C.D. Cal. 2025), the Court cannot agree with Petitioner's assertion that pursuing a bond hearing and release on bond through the immigration proceedings would be "inadequate or not efficacious" or a "futile gesture," *Laing*, 370 F.3d at 1000 (quoting *S.E.C. v. G.C. George Sec., Inc.*, 637 F.2d 685, 688 (9th Cir. 1981)). The Court further notes that in another petition for a writ of habeas corpus filed the same day as the instant Petition (*Huang v. Albarran, et al.*, case number 1:26-cv-00013), the petitioner there was detained on June 28, 2026, requested a bond hearing at his first appearance before an immigration judge during the week of June 29, 2026, and a bond hearing was indeed set for the following week. *See* Pet. for Writ of Habeas Corpus ¶¶ 1, 24, 29, 30, ECF No. 1, *Huang v. Albarran*, No. 1:26-cv-00013 (July 8, 2026); *see also id.* ¶ 31 (noting bond hearing was continued another week due to passage of Super Typhoon Bavi).

As the record concerning the immigration proceedings still remains undeveloped—namely, that the immigration court has yet to refuse to calendar a bond hearing or otherwise hold that it lacks jurisdiction to hold a bond hearing, *see Ruviwat v. Smith*, 701 F.2d 844, 845 (9th Cir 1983) (explaining that exhaustion of remedies "will aid judicial review by allowing the appropriate development of a factual record in an expert forum; conserve the court's time because of the possibility that the relief applied may be granted at the administrative level; and allow the administrative agency an opportunity to correct errors occurring in the course of administrative proceedings")—the Court finds that staying the proceedings on the Petition until Respondents

---

challengers prevailing in 350 cases), *with, e.g.*, *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) (reversing grants of habeas relief and holding aliens who were arrested while unlawfully resident in the United States were detained pursuant to 8 U.S.C. § 1225). Petitioner correctly notes (*see* Pet. ¶ 44) that the Ninth Circuit has yet to issue a published decision on the issues raised in the Petition. The Court further notes that the Supreme Court recently granted a petition for a writ of certiorari presenting similar issues. *Black v. Decker*, 103 F.4th 133 (2d Cir. 2024), *cert. granted sub nom. Genalo v. Black*, 2026 WL 1718025 (Mem.) (U.S. June 15, 2026) (No. 25-886).

definitively act on Petitioner's request for a bond hearing is appropriate. *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). Accordingly,

(1) Proceedings in this action are STAYED;

(2) Petitioner Changfu Chi will file a status report by July 17, 2026, notifying the Court about whether the master calendar hearing is held, whether Petitioner has sought release on bond or a bond hearing, and any action by Respondents thereof; and

(3) Failure to file a status report may result in dismissal without prejudice of the Petition.

IT IS SO ORDERED this 10th day of July, 2026.

_____
RAMONA V. MANGLONA
Chief Judge