FILED
Clerk
District Court

JUL 16 2026

for the Northern Mariana Islands
By_____JP_____
(Deputy Clerk)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN MARIANA ISLANDS**

CHANGFU CHI,

   Petitioner,

  v.

SERGIO ALBARRAN, Acting Field Office Director of the San Francisco Field Office of Immigration and Customs Enforcement (ICE);
DAVID VENTURELLA, ICE's Acting Director;
MARKWAYNE MULLIN, Secretary of Homeland Security;
TODD BLANCHE, Acting Attorney General; and
ANTHONY TORRES, Commissioner of the Commonwealth of the Northern Mariana Islands Department of Corrections;
in their official capacities,

   Respondents.

Case No. 1:26-cv-00014

**ORDER**
**LIFTING STAY AND**
**DIRECTING RESPONDENTS**
**TO SHOW CAUSE WHY PETITION**
**SHOULD NOT BE GRANTED**

On July 8, 2026, Petitioner Changfu Chi filed a Petition for Writ of Habeas Corpus (ECF No. 1), in which he names the Acting Field Office Director of the San Francisco Field Office of Immigration and Customs Enforcement (ICE), ICE's Acting Director, the Secretary of Homeland Security, the Acting Attorney General, and the Commissioner of the Commonwealth of the Northern Mariana Islands (CNMI) Department of Corrections (DOC) as respondents. Petitioner challenges Respondents' continued detention of him during the pendency of

1

immigration removal proceedings without affording him a meaningful and individualized bond hearing and seeks the Court to issue a writ of habeas corpus that, *inter alia*, directs Respondents to release Petitioner or promptly hold a meaningful and individualized bond hearing before an immigration judge.  (*See generally* Pet., ECF No. 1.)

On July 10, 2026, the Court issued an order staying proceedings in this habeas action in view of Petitioner's having yet to appear before an immigration judge, an apparent imminent master calendar hearing set for July 15, 2026, and recent developments in this district and across the country concerning Respondents' mandatory detention policy for aliens detained in circumstances that may be similar to Petitioner.  (Order Staying Proceedings 3-4, ECF No. 2.)  The Court further directed Petitioner to file a status report by July 17, 2026, to report on "whether the master calendar hearing is held, whether Petitioner has sought release on bond or a bond hearing, and any action by Respondents thereof[.]"  (*Id.* at 5.)

Petitioner has now filed his Status Report and Request to Lift Stay (ECF No. 3).  Therein, Petitioner represents that (1) a master calendar hearing was held on July 14, 2026, notwithstanding an earlier notice's listing of July 15, 2026, as the hearing date; (2) Petitioner and counsel appeared before an immigration judge, who continued the master calendar hearing to August 2026 without setting a specific date; (3) Petitioner requested a bond hearing, but the immigration judge was unable to set a bond hearing because "bond hearings would be handled by another [immigration judge]" and the immigration judge presiding over Petitioner's master calendar hearing "did not have access to the other [immigration judge's] available hearing dates"; and (4) the immigration judge presiding over Petitioner's master calendar hearing advised Petitioner that he "would need to file a written request for the Immigration Court to assign a date."  (Status Report ¶¶ 1-9, ECF No. 3.)  Petitioner further describes, *inter alia*, a bond hearing held the same day for another

alien parolee at which another immigration judge held that he lacked jurisdiction to address the request for release on bond because "under the current status of the law, broadly within the Ninth Circuit, [*Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025),] was the law to be applied, absent a writ of habeas corpus that covered [the alien parolee]." (*Id.* ¶¶ 10-21.) Petitioner accordingly requests that the Court lift the stay on proceedings in this habeas action and issue an order to show cause. (*Id.* at 3-4.)

In view of the foregoing, most notably the continued application of Respondents' official policy, as ratified by *Yajure Hurtado*, by immigration judges to alien parolees that may be similarly situated to Petitioner and any further attempts at seeking bond almost certain to arrive at the same result, the Court finds that lifting the stay is appropriate. *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (identifying "situations such as where administrative remedies are inadequate or not efficacious" or "pursuit of administrative remedies would be a futile gesture" as grounds for waiving prudential exhaustion requirement (internal quotation marks omitted)); *Ward v. Chavez*, 678 F.3d 1042, 1045-46 (9th Cir. 2012) (holding any administrative appeal would be futile given "existence of official [agency] policy" and agency's conduct indicating that appeal "would unquestionably have been denied"). Upon review of the Petition, the Court further finds that issuance of an order directing Respondents to show cause why Petitioner's requested writ for habeas corpus should not be granted is also appropriate. 22 U.S.C. § 2243. Accordingly,

(1) The stay of proceedings in this action entered on July 10, 2026, is LIFTED;

(2) Petitioner's counsel is directed to serve forthwith Respondents and the U.S. Attorney's Office for Guam and the Northern Mariana Islands with a copy of the Petition and all accompanying papers, along with a copy of this order, by U.S. Postal Service express mail and email;

(3) Petitioner shall file proof of service by **July 17, 2026**;

(4) Respondents shall file their notices of appearance and responses addressing the merits of the Petition or otherwise showing cause why the Petition should not be granted by **July 21, 2026**;

(5) Petitioner shall file any reply by **July 23, 2026**;

(6) A hearing on the Petition is set for **July 28, 2026, at 2:00 p.m., in the Third Floor Courtroom**;

(7) Any party seeking an extension of the briefing schedule shall promptly meet and confer with all other parties before filing a stipulation or joint statement setting forth good cause for the requested extension, *see* 28 U.S.C. § 2243, and a proposed briefing schedule; and

(8) Pursuant to the All Writs Act, 28 U.S.C. § 1651(a) ("[A]ll courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."), and in view of the exigent circumstances and to maintain the status quo pending resolution of this action on the merits, *see Al Otro Lado v. Wolf*, 952 F.3d 999, 1006 n.6 (9th Cir. 2020),  **Petitioner shall not be removed or transferred out of this District.**

IT IS SO ORDERED this 16th day of July, 2026.

_____
RAMONA V. MANGLONA
Chief Judge

4