F I L E D
Clerk
District Court
JUL 29 2026
for the Northern Mariana Islands
By_____
(Deputy Clerk)

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS**

CHANGFU CHI,

     Petitioner,

    v.

SERGIO ALBARRAN, Acting Field Office Director of the San Francisco Field Office of Immigration and Customs Enforcement (ICE);
DAVID VENTURELLA, ICE's Acting Director;
MARKWAYNE MULLIN, Secretary of Homeland Security;
TODD BLANCHE, Acting Attorney General; and
ANTHONY TORRES, Commissioner of the Commonwealth of the Northern Mariana Islands Department of Corrections;
in their official capacities,

     Respondents.

Case No. 1:26-cv-00014

**DECISION AND ORDER
GRANTING PETITION FOR
WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Changfu Chi's Petition for Writ of Habeas Corpus (ECF No. 1), filed July 8, 2026, in which he names the Acting Field Office Director of the San Francisco Field Office of Immigration and Customs Enforcement (ICE), ICE's Acting Director, the Secretary of Homeland Security, the Acting Attorney General, and the Commissioner of the Commonwealth of the Northern Mariana Islands (CNMI) Department of Corrections (DOC) as respondents. Chi alleges that Respondents' failure to provide him with a bond hearing after his arrest and detention

1

pending completion of immigration removal proceedings against him is unlawful because he is subject to discretionary detention under 8 U.S.C. § 1226(a) and its implementing regulations—which allow for release on bond or probation—and not mandatory detention under 8 U.S.C. § 1225(b)(2)(A). Chi accordingly seeks a writ of habeas corpus that, *inter alia*, declares that Respondents' detention of him is unlawful and orders Respondents to "either release [him], or promptly afford an individualized bond hearing before a neutral immigration judge in which the government bears the burden of establishing by clear and convincing evidence that [he] is a danger to the community or a flight risk if released[.]" (Pet. 7 (prayer for relief), ECF No. 1.)

For the reasons set forth below, the Court GRANTS Chi's Petition because he is subject to discretionary detention under 8 U.S.C. § 1226(a), and not mandatory detention under 8 U.S.C. § 1225(b)(2)(A).

## I.    BACKGROUND

Chi is a national of the People's Republic of China who is currently detained, and has been detained since June 29, 2026, at the CNMI-DOC under the physical custody of Respondents. (Pet. ¶ 1; *see also* Resp. of Resp't Anthony Torres 1-2 (indicating that Petitioner is detained at the CNMI-DOC under ICE custody pursuant to agreement between federal government and CNMI-DOC), ECF No. 9.) Chi first entered the CNMI in the 1990s, worked in the 2010s as a CW-1 worker in Tinian before suffering an injury at work in 2013, and was granted advance parole in 2014 to enter Guam as a parolee to receive medical treatment. (Pet. ¶¶ 15-18.) After returning from Guam, Chi was paroled into the CNMI under his advance parole. (*Id.* ¶¶ 19.) Chi's parole expired on March 26, 2014; however, Chi continued to stay in the CNMI up to the present. (*Id.* ¶¶ 20, 21, 27.) On June 29, 2026, ICE arrested and detained Chi. (*Id.* ¶ 22.) ICE subsequently initiated immigration removal proceedings against Chi with the service of a Notice to Appear

("NTA") that stated July 15, 2026, as the date of his master calendar hearing.  (*Id.* ¶ 23.)  Chi then filed the instant Petition.  (*See also id.* ¶ 24 (noting that at time of filing of Petition, the July 15, 2026, hearing date was not confirmed on immigration court case portal).)

On July 10, 2026, the Court stayed proceedings on Chi's petition "pending the calendaring of a bond hearing or a refusal to hold a bond hearing in [his] immigration proceedings" and "in view of the apparent lack of an attempt to even request a bond hearing in the first place" and "the imminent opportunity for doing so[.]"  (Order Staying Proceedings 3, ECF No. 2.)  The Court directed Chi to file a status report by July 17, 2026, "notifying the Court about whether the master calendar hearing is held, whether [he] has sought release on bond or a bond hearing, and any action by Respondents thereof[.]"  (*Id.* at 5.)  On July 14, 2026, Chi filed the status report (ECF No. 3), in which he represented that not only did the immigration judge at the master calendar hearing was unable to set a bond hearing and advised him to file a written request for a bond hearing date, but also that a different immigration judge presiding over

> a bond hearing held the same day for another alien parolee . . . held that he lacked jurisdiction to address the request for release on bond because under the current status of the law, broadly within the Ninth Circuit, *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), was the law to be applied, absent a writ of habeas corpus that covered the alien parolee.

(Order Lifting Stay & Directing Resp'ts to Show Cause 2-3 (internal quotation marks and original brackets omitted), ECF No. 4.)  The Court accordingly lifted the stay, directed Respondents to show cause why Chi's Petition should not be granted, and set a briefing schedule and a hearing on the matter.  (*Id.* at 3-4.)

Respondent Torres filed his Response (ECF No. 9) on July 22, 2026, in which he indicated that he takes "no express position" on the legal issues presented in the Petition.  (Resp. of Resp't Anthony Torres 2.)  Hours later, all other Respondents (the "Federal Respondents") jointly filed a

single Opposition (ECF No. 10), accompanied by one exhibit (ECF No. 10-1) consisting of the NTA served on Chi on July 5, 2026.  Chi filed a Reply (ECF No. 11) in the evening of the same day.  On July 24, 2026, the Court *sua sponte* determined that decision on the papers was appropriate and vacated the hearing set for July 28, 2026.

## II.    LEGAL STANDARD

Chi seeks a writ of habeas corpus.  "Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions[,]" 28 U.S.C. § 2241(a), where the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States[,]" *id.* § 2241(c)(3).  *See also Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999) ("28 U.S.C. § 2241 expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are in custody in violation of the Constitution or laws or treaties of the United States." (internal quotation marks omitted)).  Chi, as the petitioner, bears "the burden of proving by a preponderance of the evidence that he is entitled to habeas relief."  *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004).  "The court shall summarily hear and determine the facts, and dispose of the matter as law and justice require," and "shall forthwith award the writ . . . , unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

## III.    DISCUSSION

As the Parties recognize (*see* Resp. of Resp't Anthony Torres 2; U.S.'s Opp'n 2-3; Reply 1, ECF No. 11), Chi's Petition raises legal issues that the Court has previously addressed in disposing of similar petitions for writs of habeas corpus.  In *Li v. Albarran*, No. 1:26-cv-00011, the petitioner there was a national of the People's Republic of China who was paroled into the CNMI under the CNMI-only parole program, overstayed his parole, and was detained pending completion of immigration removal proceedings against him.  *Li v. Albarran*, No. 1:26-cv-00011, ECF No. 17,

at 3, 2026 WL 1697872, at *1-2 (D. N. Mar. I. June 12, 2026).  The petitioner sought a bond hearing with the immigration court; however, the immigration court, without citing any legal authority, denied the request because it lacked jurisdiction to entertain his request for bond.  *Id.* The petitioner then filed a petition for a writ of habeas corpus in this Court, naming the same Respondents as Chi's Petition, asserting that his continued detention without bond violated 8 U.S.C. § 1226(a) and its implementing regulations along with the Due Process Clause of the Fifth Amendment to the U.S. Constitution, and seeking relief in the form of a writ directing Respondents "to schedule a bond hearing before an [immigration judge] and ordering that the [immigration judge] may not summarily denying bond at such hearing."  *Id.* at 1-2, 2026 WL 1697872, at *1 (internal quotation marks and original brackets omitted).  In subsequent briefing and oral argument, the Federal Respondents challenged the Court's jurisdiction to entertain the petition, contended that the petitioner was properly detained under 8 U.S.C. § 1225(b)(2)(A), and raised additional arguments specifically arising from the unique nature of the CNMI-only parole program.  *Id.* at 5, 9, 12-14, 2026 WL 1697872, at *2, 4, 6-7.  The Court rejected the Federal Respondents' arguments, specifically holding:

(1) The Court had jurisdiction to consider the petition because the petitioner's challenge to his detention did not arise from the three actions set forth in the jurisdiction-stripping provisions of 8 U.S.C. § 1252(b)(9) or (g), *Li*, ECF No. 17, at 5-8, 2026 WL 1697872, at *2-4;

(2) The applicable provision governing the petitioner's detention was 8 U.S.C. § 1226(a), and not 8 U.S.C. § 1225(b)(2)(A), because the petitioner was not "seeking admission," *Li*, ECF No. 17, at 8-14, 2026 WL 1697872, at *4-7;

(3) As 8 U.S.C. § 1226(a) applied, the petitioner was entitled to a bond hearing before an

immigration judge, *Li*, ECF No. 17, at 15, 2026 WL 1697872, at *7; and

(4) In view of the statutory basis for concluding that the detention of the petitioner was unlawful, the Court did not need to reach the petitioner's constitutional challenge, *id.* at 5, 2026 WL 1697872, at *2.

The Court accordingly granted the petition and ordered Respondents to

> arrange an individualized bond hearing before a neutral immigration judge in which the Government bears the burden of establishing by clear and convincing evidence that [the petitioner] is a danger to the community or a flight risk if released.  If no hearing occurs within fourteen days of this order, [the petitioner] shall be released from Respondents' custody.

*Id.  See also Shen v. Albarran*, No. 1:26-cv-00012, ECF No. 12, 2026 WL 2059140 (July 17, 2026) (decision and order granting petition for writ of habeas corpus on same grounds).

Here, as to Chi's Petition, the Federal Respondents do not identify any material difference in facts or change in law that would distinguish this case from *Li*.  To the contrary, the Federal Respondents expressly "maintain[ their] position here and incorporate[] by reference its Response (ECF No. 11)" in *Li*.  (U.S.'s Opp'n 3.)  The Court is not persuaded by the Federal Respondents' "respectful effort to persuade this Court to reconsider its conclusions" (*id.*) and depart from its holdings in *Li* as applied to this case.  Chi's factual circumstances are substantively identical to *Li*; the governing law remains undisturbed.  As such, for the same reasons as set forth in *Li*, the Court finds that:

(1) The Court has jurisdiction to entertain Chi's Petition;

(2) The applicable provision governing Chi's detention is 8 U.S.C. § 1226(a), and not 8 U.S.C. § 1225(b)(2)(A), as Chi is not an alien "seeking admission"; and

(3) As 8 U.S.C. § 1226(a) applies, Chi is entitled to a bond hearing before an immigration judge.

## IV.    CONCLUSION

Chi has met his burden to show that his continued detention without a bond hearing is unlawful. Accordingly,

(1) Chi's Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED;

(2) Respondents shall, pursuant to 8 U.S.C. § 1226(a), arrange for an individualized bond hearing to take place before a neutral immigration judge within fourteen days of issuance of this order, at which the Government bears the burden of establishing by clear and convincing evidence that Chi is a danger to the community or a flight risk if released;

(3) Should no such hearing occur within fourteen days of issuance of this order, Respondents shall release Chi from custody;

(4) Respondents shall file a status report by **August 21, 2026**, notifying the Court about whether the bond hearing is held, the determination on bond, and Chi's status in custody or on release;

(5) The Clerk is directed to enter judgment accordingly and close this case.

IT IS SO ORDERED this 29th day of July, 2026.

_____

RAMONA V. MANGLONA
Chief Judge